# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| SARSILMAZ MUHIMMAT SANAYI A.S., <br><br> Plaintiff, <br><br> v. <br><br> MAC DEFENSE TECHNOLOGIES, LLC d/b/a HOMELAND MUNITIONS, LLC; HOMELAND MUNITIONS, LLC; BIRKEN STARTREE HOLDINGS, LLC; KILO CHARLIE HOLDINGS, INC.; and BRADLEY ALAN MCCORKLE, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT HOMELAND MUNITIONS, LLC AND FOR ENLARGEMENT OF TIME TO EFFECTUATE SERVICE** <br><br> Civil No.: 4:18-CV-00008-DN-DNP <br><br> Judge: David Nuffer <br> Magistrate Judge Dustin B. Pead |

This matter is before the court is Sarsilmaz Muhimmat Sanayi A.S.'s ("Plaintiff") *Ex Parte Motion for Alternative Service on Defendant Homeland Munitions, LLC and for Enlargement of Time to Effectuate Service* ("Motion"). (ECF No. 46.) In support of the Motion, Plaintiff submits a Declaration of J.D. Lauritzen. (ECF No. 46-1.)

Plaintiff asserts it has been unable to locate and serve Homeland Munitions, LLC, ("Defendant"), via its registered agent, Mr. Bradley Alan McCorkle, by traditional means despite good faith efforts and thus requests this court authorize service using alternative means and for an enlargement of time to effectuate service.

## DISCUSSION

For the reasons discussed below, the court will authorize Plaintiff to serve the complaint and summons using the alternative means as set forth in this Order.

The court may allow service of process as permitted by Utah law. *See* Fed. R. Civ. P. 4(e)(1).

Utah law provides:

> If the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, if service upon all of the individual parties is impracticable under the circumstances, or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.

Utah R. Civ. P. 4(d)(5)(A). "A determination of reasonable diligence thus properly focuses on the plaintiff's efforts to locate the defendant. Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts ...." *Commonwealth Property Advocates, LLC., v. National City Mortgage, et al.,* 2010 WL 465843, *1 (D. Utah 2010) (citing to *Jackson Constr. Co., Inc. v. Marrs,* 100 P.3d 1211, 1215 (Utah 2004)). This "reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance." *Id.*

The Plaintiff has engaged in more than perfunctory performance in its attempt to identify a valid, active address for the Defendant. Plaintiff retained process server, Anderson Investigations, to locate and serve the Defendant. (ECF No. 46-1.) The process server attempted to serve Defendant at multiple addresses in Utah and California to no avail. In addition, the process server attempted to serve the Defendant's registered agent at the home of one of his

family members. Consequently, Plaintiff did engage in reasonable diligent efforts to ascertain the Defendant's whereabouts to no avail. Therefore, good cause exits to permit service using alternative means.

## ORDER

Consistent with Utah R. Civ. P. 4 when service by other means is warranted, "…the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action." Utah R. Civ. P. 4(d)(5)(B). "The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court." *Id*. Therefore, Plaintiff shall serve a copy of the complaint, summons and this Memorandum Decision and Order, unless otherwise specified herein, as follows:

1. Certified mail and regular mail to 923 East Birken Street, Washington, Utah 84780 (which Plaintiff identified as the home of a family member of Defendant's registered agent).

2. Publication of the Summons only in a newspaper of general circulation in the Iron and Washington Counties, State of Utah, for four consecutive weeks.

3. Email to all known email addresses for the Defendant's registered agent that are already in the Plaintiff's possession or can be obtained using online searches available on websites such as Truepeoplesearch.com.

Furthermore, Plaintiff shall have up to and including November 15, 2018 to effectuate service of process.

After Plaintiff has complied with the foregoing and provided proof of service to the court, service shall be complete.

Separately, as a housekeeping matter, moving forward the parties need to include HOMELAND MUNITIONS, LLC, as a standalone, separate defendant in all pleading captions. The matter did not reflect HOMELAND MUNITIONS, LLC as a separate defendant but rather as a d.b.a. and therefore had yet to be identified as a separate defendant in the court system.

DATED this 29th day of August, 2018.

BY THE COURT

_____
Dustin B. Pead
United States Magistrate Judge